# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: PROTON PUMP INHIBITOR PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>**This Document Relates To:**<br>SHARREN CROWELL<br><br>**Plaintiff**<br><br>vs.<br><br>ABBOTT LABORATORIES, ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) LLC, GLAXOSMITHKLINE CONSUMER HEALTHCARE LP , GLAXOSMITHKLINE CONSUMER HEALTHCARE HOLDINGS (US) IP LLC, MERCK & CO. INC. D/B/A MERCK, SHARP & DOHME CORPORATION, NOVARTIS CORPORATION, NOVARTIS PHARMACEUTICAL CORPORATION, NOVARTIS VACCINES AND DIAGNOSTICS, INC., NOVARTIS INSTITUTES FOR BIOMEDICAL RESEARCH, INC., NOVARTIS CONSUMER HEALTH, INC., PFIZER, INC., THE PROCTER & GAMBLE COMPANY, PROCTER & GAMBLE MANUFACTURING COMPANY, TAKEDA PHARMACEUTICALS USA, INC., TAKEDA PHARMACEUTICALS AMERICA, INC. , TAKEDA PHARMACEUTICALS LLC, TAKEDA PHARMACEUTICALS INTERNATIONAL, INC., TAKEDA DEVELOPMENT CENTER AMERICAS, INC. F/K/A TAKEDA GLOBAL  RESEARCH  & DEVELOPMENT CENTER, INC., TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAP PHARMACEUTICAL PRODUCTS, INC. F/K/A TAP HOLDINGS INC., WYETH PHARMACEUTICALS, INC., WYETH-AYERST LABORATORIES, WYETH LLC<br>                      **Defendants.** | 17-md-2789 (CCC)(MF) (MDL 2789) |

## FIRST AMENDED SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff(s) named below file(s) this *First Amended Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through their undersigned counsel and as permitted by Case Management Order No. 7. Plaintiff(s) incorporate(s) by reference the allegations contained in *Plaintiffs' Master Long Form Complaint and Jury Demand in In re: Proton-Pump Inhibitor Products Liability Litigation*, MDL 2789, in the United States District Court for the District of New Jersey pursuant to Case Management Order No. 7.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint and Jury Demand*, where certain claims require specific pleadings and/or amendments, Plaintiff(s) shall add and include them herein.

## IDENTIFICATION OF PARTIES

### Identification of Plaintiff(s)

1. Name of individual injured/deceased due to the use of PPI Product(s): __Sharren Crowell__ .

2. Consortium Claim(s): The following individual(s) allege damages for loss of consortium: _____ .

3. Survival and/or Wrongful Death Claims:

    a. Plaintiff, _____, is filing this case in a representative capacity as the _____ of the Estate of _____ , deceased.

    b. Survival Claim(s): The following individual(s) allege damages for survival claims, as permitted under applicable state laws: _____ .

4. As a result of using PPI Products, Plaintiff/Decedent suffered pain and suffering, emotional distress, mental anguish, and personal and economic injur(ies) that are alleged to have been caused by the use of the PPI Products identified in Paragraph 10, below, but not limited to the following:

      X       injury to himself/herself

             injury to the person represented

             wrongful death

             survivorship action

      X       economic loss

      X       loss of services

             loss of consortium

             other: _____

**Identification of Defendants**

5. Plaintiff(s)/Decedent is/are suing the following Defendant(s) (please check all that apply):

- ☒ Abbott Laboratories
- ☒ AstraZeneca Pharmaceuticals LP
- ☒ AstraZeneca LP
- ☒ GlaxoSmithKline Consumer Healthcare Holdings (US) LLC
- ☒ GlaxoSmithKline Consumer Healthcare LP
- ☒ GlaxoSmithKline Consumer Healthcare Holdings (US) IP LLC
- ☒ Merck & Co. Inc. d/b/a Merck, Sharp & Dohme Corporation
- ☒ Novartis Corporation

☒ Novartis Pharmaceutical Corporation

☒ Novartis Vaccines and Diagnostics, Inc.

☒ Novartis Institutes for Biomedical Research, Inc.

☒ Novartis Consumer Health, Inc.

☒ Pfizer, Inc.

☒ The Procter & Gamble Company

☒ Procter & Gamble Manufacturing Company

☒ Takeda Pharmaceuticals USA, Inc.

☒ Takeda Pharmaceuticals America, Inc.

☒ Takeda Pharmaceuticals LLC

☒ Takeda Pharmaceuticals International, Inc.

☐ Takeda California, Inc.

☒ Takeda Development Center Americas, Inc. f/k/a Takeda Global   Research & Development Center, Inc.

☒ Takeda Pharmaceutical Company Limited

☒ TAP Pharmaceutical Products, Inc. f/k/a TAP Holdings Inc.

☒ Wyeth Pharmaceuticals, Inc.

☒ Wyeth-Ayerst Laboratories

☒ Wyeth LLC

☐ Other(s) Defendant(s) (please identify):

_____

## JURISDICTION & VENUE

**Jurisdiction:**

6. Jurisdiction in this Short Form Complaint is based on:

　　☒　Diversity of Citizenship

　　☐　Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure)._____

_____

**Venue:**

7. District Court(s) in which venue was proper where you might have otherwise filed this *Short Form Complaint* absent Case Management Order No. 7 entered by this Court and/or to where remand could be ordered:  _____

　　Middle District of Georgia: Columbus Division (M.D. Ga.)_____

## CASE SPECIFIC FACTS

8. Plaintiff(s) currently reside(s) in (City, State): Columbus, GA_____.

9. To the best of Plaintiff's knowledge, Plaintiff/Decedent used PPI Product(s) during the following time period: Approximately June 2000 to June 2016_____.

10. Plaintiff/Decedent used the following PPI Products, for which claims are being asserted:

　　☒　Dexilant

　　☒　Nexium

　　☒　Nexium 24HR

　　☒　Prevacid

　　☒　Prevacid 24HR

　　☒　Prilosec

    ☒    Prilosec OTC

    ☒    Protonix

    ☐    Other (List All): N/A

11. The injuries suffered by Plaintiff/Decedent as a result of the use of PPI Products include, among others that will be set forth in Plaintiff's discovery responses and medical records:

    ☐    Acute Interstitial Nephritis (AIN)

    ☒    Acute Kidney Injury (AKI)

    ☒    Chronic Kidney Disease (CKD)

    ☐    End Stage Renal Disease (ESRD)

    ☐    Dialysis

    ☐    Death

    ☐    Other(s) (please specify):

N/A

12. At the time of the Plaintiff's/Decedent's diagnosis of injury, Plaintiff/Decedent resided in (City, State): Columbus, GA.

## CAUSES OF ACTION

13. Plaintiff(s), again, hereby adopt(s) and incorporate(s) by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

14. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein more specifically adopted and incorporated by reference by Plaintiff(s) please check all that apply):

- ☒ Count I: Strict Product Liability
- ☒ Count II: Strict Product Liability – Design Defect
- ☒ Count III: Strict Product Liability – Failure to Warn
- ☒ Count IV: Negligence
- ☒ Count V: Negligence *Per Se*
- ☒ Count VI: Breach of Express Warranty
- ☒ Count VII: Breach of Implied Warranty
- ☒ Count VIII: Negligent Misrepresentation
- ☒ Count IX: Fraud and Fraudulent Misrepresentation
- ☒ Count X: Fraudulent Concealment
- ☒ Count XI: Violation of State Consumer Protection Laws of the State(s) of: Georgia                                                                                    .
- ☐ Count XII: Loss of Consortium
- ☐ Count XIII: Wrongful Death
- ☐ Count XIV: Survival Action
- ☒ Furthermore, Plaintiff(s) assert(s) the following additional theories and/or

Causes of Action against Defendant(s) identified in Paragraph five (5) above. If Plaintiff(s) includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure:

## COUNT XV

## GEORGIA – NEGLIGENT FAILURE TO WARN

Plaintiff incorporates by reference each and every paragraph contained in the Master Complaint, as well as all facts and information stated or otherwise contained herein this Short Form Complaint, as if fully set forth at length herein, and further alleges as follows:

1. At all relevant and material times, Defendants were manufacturers of PPI products because Defendants sold the PPI Products and had input or was actively involved in the design, concept or specifications thereof. Defendants also designed, developed, manufactured, packaged, marketed, advertised, distributed and sold the PPI Products.

2. Defendants were the manufacturers of, and designed, developed, packaged, marketed, advertise and sold, the PPI Products used by Plaintiff.

3. At all relevant and material times, Defendants sold the PPI Products and placed it into the stream of commerce, including by placing the PPI Products in the hands of and under the control of consumers, including Plaintiff. At all relevant and material times, Defendants were the sole sellers, manufacturers, and individuals and/or entities who placed the PPI Products into the stream of commerce.

4. As manufacturers of the PPI Products, Defendants had, at all relevant and material times, a duty to provide adequate warnings with the PPI Products where they had reason to believe that a use of the product may cause harm. Defendants had that duty before Plaintiff was prescribed and used the PPI Products, at the time Plaintiff was prescribed and used the PPI Products, and at the time Plaintiff was injured, and Defendants continue to have that duty today.

5. Defendants had reason to believe, did believe, and/or should have and could have known, that PPI's may cause harm, namely kidney injuries, such as AKI, AIN, CKD, and ESRD or renal failure, as well as life-threatening complications thereof and even death, including the kidney injury suffered by Plaintiff.

6. Despite having that duty to warn when Defendants had reason to believe that their PPI Products may cause harm, Defendants failed, and they continue to fail, to warn of the risk of kidney injuries, such as the one suffered by Plaintiff.

7. Prior to using the PPI Products, and prior to suffering the injuries alleged herein, Plaintiff read the label and the warning therein that was provided with the PPI Products, and said label and warning contained no information about the risk of kidney injuries.

8. Upon information and belief, had Defendants warned that the PPI Products causes an increased risk of kidney injuries, Plaintiff would not have used the PPI Products.

9. Prior to prescribing the PPI Products, and each time PPI's were prescribed thereafter, Plaintiff's prescribing physicians read the label and the warning therein that was provided with the PPI Products, and said label and warning contained no information about the risk of kidney injuries.

10. Upon information and belief, had Defendants warned that the PPI Products causes an increased risk of kidney injuries, Plaintiff's prescribing physicians either would not have prescribed the PPI Products to Plaintiff, or they would have passed such warning along to Plaintiff.

11. Plaintiff was prescribed the PPI Products for their intended purposes.

12. Plaintiff used the PPI Products in the intended manner, and as directed and prescribed by Plaintiff's prescribing physicians, and according to the instructions and directions provided therewith by Defendants.

13. At all times relevant and material hereto, the PPI Products were intended to, and in fact they did, reach consumers, including Plaintiff.  The PPI Products reached Plaintiff without substantial change in the condition in which they left Defendants' control.

14. Neither Plaintiff nor Plaintiff's prescribing physicians was aware of the PPI Products' defective warning at any time prior to Plaintiff's injury, and Defendants had not adequately warned Plaintiff of the danger and/or risk posed by the PPI Products.

15. Plaintiff and the non-defendant health care providers involved could not, through the exercise of reasonable care, have discovered the defective design and perceived

its danger, the risk of kidney injuries, such as AKI, AIN, CKD, and ESRD or renal failure, as well as life-threatening complications thereof and even death.

16. Plaintiff could not have, by the exercise of reasonable care, avoided the injury Plaintiff ultimately suffered.

17. As a direct and proximate result of Defendants' failure to warn and/or the lack or inadequacy of the PPI Products' warning about the risk of kidney injuries, Plaintiff was caused to sustain, and will continue to sustain, permanent and lasting physical, psychological, and emotional injuries, as well as severe permanent impairment and/or severe disfigurement.

18. Further, as a result of Plaintiff's injuries, Plaintiff sustained damages, including without limitation past and future medical expenses, past and future lost time, past and future emotional distress, special and/or consequential damages, loss of enjoyment of life and pain and suffering.

**WHEREFORE**, Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit and such further relief as the Court deems equitable and just, and as set forth in the *Master Long Form Complaint and Jury Demand*, as appropriate.

## JURY DEMAND

Plaintiff(s) hereby demand a trial by jury as to all claims in this action.

Dated: March 27, 2018

Respectfully Submitted,

 /s/ Brendan A. McDonough
Brendan A. McDonough (BM4172)
Attorney for Plaintiff
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 363-2721
bmcdonough@weitzlux.com

Paul J. Pennock (PP3315)
Attorney for Plaintiff
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 363-2721
ppennock@weitzlux.com